THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00085-MR-WCM-15

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAIN HAMILTON STRICKLAND, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify sentence and a motion for the appointment of counsel. [Doc. 610].

On October 3, 2016, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 846. On March 30, 2017, the Court sentenced the Defendant to a term of 128 months' imprisonment. [Doc. 576]. The Defendant did not file a direct appeal.

The Court received the Defendant's present motion on May 6, 2019. In his motion, the Defendant makes a series of contentions challenging the

validity of his guilty plea, the calculation of his Guidelines range, and the conduct of his trial counsel.  Most notably, he contends that (1) he directed his attorney to file a direct appeal immediately after sentencing, but his attorney failed to do so and (2) the Defendant mailed a motion to vacate pursuant to 28 U.S.C. § 2255 to the Clerk's Office in January 2018, but the motion was either not filed upon delivery, was not mailed by BOP mailroom staff or was lost by the U.S. Postal Service.  The Defendant requests, among other things, that his motion to vacate "be found and processed" by the courts and that an attorney be appointed to represent him in that § 2255 proceeding. [Doc. 610].

The Court has no record of the Defendant filing a § 2255 motion in January 2018 or any other time.  If the Defendant wishes to have any of his claims heard, he must file a proper motion to vacate, following the form for § 2255 motions which has been approved for use in this judicial district.  <u>See</u> Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts.  Accordingly, the Court will direct the Clerk of Court to send the Defendant the appropriate motion form.

In filing such motion, the Defendant should address the timeliness of his filing.  Section 2255 provides for a one-year statute of limitations period

for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The Defendant must show either that his motion is timely under one of these subsections or that the circumstances warrant equitable tolling. Equitable tolling is available only when a § 2255 petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Equitable tolling is limited to "'rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross

injustice would result.'"  Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)), cert. denied, 135 S. Ct. 2890 (2015).

With respect to the Defendant's request for the appointment of counsel, prisoners have no constitutional right to counsel in a post-conviction proceeding.  Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse, 339 F.3d at 250.  Nonetheless, the Court may appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation.  See 18 U.S.C. § 3006A(a)(2)(B).  In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, the Defendant's motion for appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to modify sentence [Doc. 610], is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant's motion for the appointment of counsel [Doc. 610] is **DENIED**.

The Clerk of Court is respectfully directed to send the Defendant the appropriate § 2255 motion form.

**IT IS SO ORDERED**.

Signed: July 1, 2019

Martin Reidinger
United States District Judge