IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00151-MR
CRIMINAL CASE NO. 1:15-cr-00085-MR-WCM-15

| | |
|---|---|
| CAIN HAMILTON STRICKLAND, )<br> )<br> Petitioner, )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br> Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] and his Amended § 2255 Motion to Vacate [Doc. 3].

## I. BACKGROUND

Petitioner was charged in an Indictment along with fifteen co-Defendants with a number of offenses, including one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 ("Count One"). [1:15-cr-00085-MR-WCM ("CR") Doc. 3: Bill of Indictment].

Petitioner pled guilty to Count One pursuant to a written Plea Agreement. The Court sentenced Petitioner within the advisory guideline range to 128 months' imprisonment, to be followed by five years of supervised release. [CR Doc. 576; Judgment]. The Judgment was entered on April 10, 2017. [Id.]. Petitioner did not file a notice of appeal.

Petitioner filed his *pro se* § 2255 Motion to Vacate on June 8, 2020, in which he appeared to raise claims of ineffective assistance of trial counsel, breach of the Plea Agreement, and sentencing error.[1]

The Court issued an Order on June 23, 2020 informing Petitioner that the § 2255 Motion to Vacate was insufficient to proceed and granting Petitioner 30 days within which to amend his § 2255 Motion to Vacate to correct these deficiencies. [Doc. 2: Order]. The Court noted that the § 2255 Motion to Vacate appeared to be time-barred and instructed Petitioner that, if he chose to amend his § 2255 Motion to Vacate, he should explain why his petition is timely. [Doc. 2]. The Court cautioned Petitioner that the failure to adequately address the applicable statute of limitations would likely result in the dismissal of his petition with prejudice. [See Doc. 2 at 3-4].

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

Petitioner filed the instant Amended § 2255 Motion to Vacate on July 20, 2020. [Doc. 3].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings …" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As previously noted, the Judgment in the criminal case was entered on April 10, 2017, and Petitioner did not appeal. [CR Doc. 576]. Petitioner's conviction therefore became final for purposes of § 2255(f) 14 days after the Judgment was entered on April 24, 2017. See Fed. R. App. P. 4(b)(1)(A). Petitioner did not file his § 2255 Motion to Vacate until more than three years later on June 8, 2020.[2] [See Doc. 1]. As such, the § 2255 Motion to Vacate is time barred unless equitable tolling applies.

---

[2] The Court assumes *arguendo* that the Amended § 2255 Motion to Vacate relates back to the original § 2255 Motion to Vacate for purposes of this discussion. See generally Fed. R. Civ. P. 15(c) (addressing relation back); Mayle v. Felix, 545 U.S. 644, 664 (2005) (same).

4

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246).

Petitioner contends that his § 2255 Motion to Vacate should be deemed timely for the following reasons:

> The 1 year period for filing a Section § 2255 motion is a statute of limitations, not a jurisdictional bar, so courts have the discretion to grant an extension of time. Holland v. Florida, 560 U.S. 631, 645 (2010). Petitioner seeks relief through this format of § 2255 based on a constitutional violation that may have resulted in a fundamental miscarriage of justice. Petitioner's motion will raise certain constitutional claims that may be adequately addressed only on collateral review. Massaro v. United States, 538 U.S. 500, 509 (2003); United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).

[Doc. 3 at 12].

Petitioner has failed to set forth any extraordinary circumstances that would warrant the application of equitable tolling, demonstrate that he exercised due diligence, or explain how the enforcement of the statute of limitations against him would be unconscionable. Equitable tolling, therefore, does not apply and Petitioner's § 2255 Motion to Vacate is time-barred. As such, the § 2255 Motion to Vacate will be dismissed with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate [Doc. 1], as amended [Doc. 3], shall be dismissed with prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

6

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1], as amended, [Doc. 3] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 10, 2020

Martin Reidinger
Chief United States District Judge